943 So.2d 137 (2006)
In re STANDARD JURY INSTRUCTIONS IN CIVIL CASES (NO. 06-01).
No. SC06-1197.
Supreme Court of Florida.
November 22, 2006.
Scott D. Makar, Chair, Supreme Court Committee on Standard Jury Instruction (Civil), Office of the General Counsel, Jacksonville, Florida, Tracy Raffles Gunn, Vice Chair, of Fowler, White, Boggs, Banker, P.A., Tampa, Florida, Bruce J. Berman, Chair, Plain English Subcommittee, of McDermott, Will and Emery, LLP, Miami, Florida, and Joseph H. Lang, Jr., Filing Subcommittee, of Carlton Fields, P.A., Tampa, Florida, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted proposed changes to the Standard Jury Instructions in Civil Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On June 15, 2006, the Committee filed a report proposing changes to Standard Jury Instructions 1.0, Preliminary Voir Dire Instruction, and 1.1, Preliminary Instruction. The Committee also proposes new Standard Jury Instruction 7.0, Closing Argument. Prior to submitting this report to the Court, the Committee published the proposed revisions and new instruction in the June 1, 2005, edition of The Florida Bar News. After considering four comments received following this publication and undertaking further review, the Committee modified instruction 1.1 in response to one comment and rejected the other comments. The changes made subsequent to the comments were not significant and did not warrant republication.
The proposals were made as a part of the Committee's ongoing effort to simplify and clarify existing standard instructions in response to the Jury Innovations Committee's recommendation that "[a]ll instructions should be as simple and clear as possible." See Judicial Mgmt. Council, Final Report of Jury Innovations Committee 52 (May 2001) (on file with Clerk, Fla. Sup.Ct.). The proposals are intended to afford venirepersons and jurors with a better understanding of the jury process.
Upon consideration, we hereby authorize for publication and use the revised instructions and new instruction as set forth in the appendix attached to this opinion. We express no opinion on the correctness of these instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of these instructions. The amendments shall be effective when this opinion becomes final. We wish to express our appreciation to the Committee for its dedication in presenting to the Court its recommendations.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX

PRELIMINARY INSTRUCTION 1.0

[Prior to Voir Dire]
Welcome. [I] [The clerk] will now administer your oath.
Now that you have been sworn, I'd like to give you an idea about what we are here to do.
*138 What is this proceeding?
This is a civil trial. A civil trial is different from a criminal case, where a defendant is charged by the state prosecutor with committing a crime. The subject of a civil trial is a disagreement between people or companies [or others, as appropriate], where the claims of one or more of these parties has been brought to court to be resolved. It is called "a trial of a lawsuit."
(Insert brief description of claim(s) brought to trial in this case)
Who are the people here and what do they do?
Judge/Court: I am the Judge. You may hear people occasionally refer to me as "The Court." That is the formal name for my role. My job is to maintain order and decide how to apply the rules of the law to the trial. I will also explain various rules to you that you will need to know in order to do your job as the jury. It is my job to remain neutral on the issues of this lawsuit.
Attorneys: The attorneys to whom I will introduce you have the job of representing their clients. That is, they speak for their client here at the trial. They have taken oaths as attorneys to do their best and to follow the rules for their profession.
Plaintiff's Counsel: The attorney on this side of the courtroom, (introduce by name), represents (client name) and is the person who filed the lawsuit here at the courthouse. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will be referred to most of the time as "the plaintiff."
Defendant's Counsel: The attorney on this side of the courtroom, (introduce by name), represents (client name), the one who has been sued. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will usually be referred to here as "the defendant."
Court Clerk: This person sitting in front of me, (name), is the court clerk. [He] [She] is here to assist me with some of the mechanics of the trial process, including the numbering and collection of the exhibits that are introduced in the course of the trial.
Court Reporter: The person sitting at the stenographic machine, (name), is the court reporter. [His] [Her] job is to keep an accurate legal record of everything we say and do during this trial.
Bailiff: The person over there, (name), is the bailiff. [His] [Her] job is to maintain order and security in the courtroom. The bailiff is also my representative to the jury. Anything you need or any problems that come up for you during the course of the trial should be brought to [him] [her]. However, the bailiff cannot answer any of your questions about the case. Only I can do that.
Jury: Last, but not least, is the jury, which we will begin to select in a few moments from among all of you. The jury's job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit. At the end of the trial the jury will give me a written verdict. A verdict is simply the jury's answer to my questions about the case.
Voir Dire:
The last thing I want to do, before we begin to select the jury, is to explain to you how the selection process works.
Questions/Challenges. This is the part of the case where the parties and their *139 lawyers have the opportunity to get to know a little bit about you, in order to help them come to their own conclusions about your ability to be fair and impartial, so they can decide who they think should be the jurors in this case.
How we go about that is as follows: First, I'll ask some general questions of you. Then, each of the lawyers will have more specific questions that they will ask of you. After they have asked all of their questions, I will meet with them and they will tell me their choices for jurors. Each side can ask that I exclude a person from serving on a jury if they can give me a reason to believe that he or she might be unable to be fair and impartial. That is what is called a challenge for cause. The lawyers also have a certain number of what are called peremptory challenges, by which they may exclude a person from the jury without giving a reason. By this process of elimination, the remaining persons are selected as the jury. It may take more than one conference among the parties, their attorneys, and me before the final selections are made.
Purpose of Questioning. The questions that you will be asked during this process are not intended to embarrass you or unnecessarily pry into your personal affairs, but it is important that the parties and their attorneys know enough about you to make this important decision. If a question is asked that you would prefer not to answer in front of the whole courtroom, just let me know and you can come up here and give your answer just in front of the attorneys and me. If you have a question of either the attorneys or me, don't hesitate to let me know.
Response to Questioning. There are no right or wrong answers to the questions that will be asked of you. The only thing that I ask is that you answer the questions as frankly and as honestly and as completely as you can. You [will take] [have taken] an oath to answer all questions truthfully and completely and you must do so. Remaining silent when you have information you should disclose is a violation of that oath as well. If a juror violates this oath, it not only may result in having to try the case all over again but also can result in civil and criminal penalties against a juror personally. So, again, it is very important that you be as honest and complete with your answers as you possibly can. If you don't understand the question, please raise your hand and ask for an explanation or clarification.
In sum, this is a process to assist the parties and their attorneys to select a fair and impartial jury. All of the questions they ask you are for this purpose. If, for any reason, you do not think you can be a fair and impartial juror, you must tell us.

NOTE ON USE
The publication of this recommended instruction is not intended to intrude upon the trial judge's own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.

PRELIMINARY INSTRUCTION 1.1

[After Jury Selection]
(Administer oath)
What will be happening?
You have now taken an oath to serve as jurors in this trial. Before we begin, I want to let you know what you can expect.
*140 Opening Statements: In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement, an attorney is allowed to give you [his] [her] views about what the evidence will be in the trial and what you are likely to see and hear in the testimony.
Evidentiary Phase: After the attorneys' opening statements the plaintiffs will bring their witnesses and evidence to you.
Evidence. Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.
Witnesses. A witness is a person who takes an oath to tell the truth and then answers attorneys' questions for the jury. The answering of attorneys' questions by witnesses is called "giving testimony." Testimony means statements that are made when someone has sworn an oath to tell the truth.
The plaintiff's lawyer will normally ask a witness the questions first so as to provide you the testimony that the plaintiff's lawyer believes is helpful to [his] [her] case. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiff's witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and go through the same process. Then the plaintiff's lawyer gets to do cross-examination. The process is designed to be fair to both sides.
It is important that you remember that testimony comes from witnesses. The attorneys do not give testimony and they are not themselves witnesses.
Objections: Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness. When that happens, one of the lawyers may make what is called an "objection." The rules for a trial can be complicated, and there are many reasons for attorneys to object. You should simply wait for me to decide how to proceed. If I say that an objection is "sustained," that means the witness may not answer the question. If I say that the objection is "overruled," that means the witness may answer the question.
When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed. If I say a question may not be asked or answered, you must not try to guess what the answer would have been. That is against the rules, too.
Side Bar Conferences: Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear. The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom. But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we do not have to take a break and ask you to leave the courtroom.
Recesses: Breaks in an ongoing trial are usually called "recesses." During a *141 recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.
Instructions Before Closing Arguments: After all the evidence has been presented to you, I will instruct you in the law that you must follow. It is important that you remember these instructions to assist you in evaluating the final attorney presentations, which come next, and, later, during your deliberations, to help you correctly sort through the evidence to reach your decision.
Closing Arguments: The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.
Final Instructions: After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.
Deliberations: After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form. [You will have a copy of the jury instructions to use during your discussions.] The discussions you have and the decisions you make are usually called "jury deliberations." Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.
Verdict: When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read. When that is completed, you will be released from your assignment as a juror.
What are the rules?
Before we begin the trial, I want to give you just a brief explanation of the applicable rules.
Keeping an Open Mind. You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations. This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.
Consider Only the Evidence. It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. Doing anything else is wrong and is against the law. That means that you cannot do any homework or investigation of your own. You cannot obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever, including the internet, and you cannot visit places mentioned in the trial.
The law also tells us that jurors cannot have discussions of any sort with *142 friends or family members about the case or its subject. So, do not let even the closest family members make comments to you or ask questions about the trial. Similarly, it is important that you avoid reading any newspaper accounts or watching or listening to television or radio comments that have anything to do with this case or its subject.
No Mid-Trial Discussions. When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys approach you, don't speak with them. The law says they are to avoid contact with you. If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior. The attorney is not supposed to interact with jurors outside of the courtroom and is only following the rules. The attorney is not being impolite. If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.
Only the Jury Decides. Only you get to deliberate and answer the verdict questions at the end of the trial. I will not intrude into your deliberations at all. I am required to be neutral. You should not assume that I prefer one decision over another. You should not try to guess what my opinion is about any part of the case. It would be wrong for you to conclude that anything I say or do means that I am for one side or another in the trial. Discussing and deciding the facts is your job alone.

NOTE ON USE
The publication of this recommended instruction is not intended to intrude upon the trial judge's own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.

7.0 CLOSING ARGUMENT
Members of the jury, you have now heard all of the evidence in this case. The attorneys will now make their final arguments. What the attorneys say is not evidence. The arguments are a final opportunity for the attorneys to discuss the case and to persuade you to reach a verdict in favor of their clients.
Each side has equal time. (Plaintiff's attorney) will go first. (Defendant's attorney) will then make [his] [her] [its] argument. Finally, (plaintiff's attorney) may make a rebuttal argument.
Please give the attorneys your close attention.